The Chief Justice
delivered the opinion of the court.
Counsel for appellee, upon filing the certificate of the Clerk of the Circuit Court for Duval county that an appeal had been taken and bond given in this cause on the 11th day of July, 1878, moves the court to dismiss the appeal, on the ground that no copy of the proceedings in sqid cause have been filed with the clerk of this court, notice of this motion having been given as required by Buie 17 of this- court.
Counsel for appellant objects to the granting of the motion, and reads a stipulation of counsel for both parties, showing that the appeal was taken and bond given after verdict, and before a final judgment was entered in the Circuit Court.
The statute (Th. Dig., 448,) provides that- if the appellant shall fail to file the copy of the proceedings by the first ‘day of the term of the Supreme Court next succeeding the entry of the appeal, if the appeal was obtained thirty days before said first day of the term, it shall be the duty of the court, on the appellee producing a certificate of the Clerk of the Circuit Court that an appeal was obtained and bond given on such appeal, unless good cause be .shown,* to dismiss the appeal.
The appellant, by way of showing cause why the court should not dismiss the appeal, shows that there was no final judgment from which an appeal could be taken. This is the reason why he has not prosecuted his appeal, but it is not “good cause shown” why the appeal should not be dismissed for his failure to prosecute it, or otherwise dis-embarrass the Circuit Court in its further action in the case; but it does show an additional reason for dismissing the appeal. If the copy of the record was here, and it appeared that an appeal had been taken before final judgment, it would be dismissed.
The appeal was irregular and improvident, and the statute gives this method of getting rid of it.
Appeal dismissed.